<hr />

CHARLES BISHOP *vs.* DAVID S. FOWLER AND ANOTHER.

A debtor whose property had been attached, was carried into insolvency, the attachment being thereby dissolved. The attached property had been receipted, and under the statute the trustee in insolvency recovered judgment on the receipt, in the name of the sheriff, for the value of the property for the benefit of

the estate. The receiptor was a creditor of the insolvent to a greater amount than the judgment recovered, and he brought a petition to have the debt due him set off against the judgment. Held that the set-off could not be allowed.

PETITION for a set-off and injunction, brought to the Superior Court in New Haven county. The court (*Phelps, J.*) passed a decree in favor of the petitioner, and the respondents brought the record before this court by motion in error. The case is fully stated in the opinion.

*Bronson*, for plaintiff in error.

*L. G. Peck*, for defendant in error.

HINMAN, C. J.    The defendant, Fowler, in May, 1861, as sheriff of New Haven county, attached certain property of Tilden & McNiel, to secure a debt of one of their creditors. The property attached was delivered back to the defendants in that suit, and to the petitioner, and a receipt taken by the sheriff therefor, by which they under seal acknowledged the receipt of the property and jointly and severally covenanted to redeliver it to the sheriff on demand, or in default thereof to pay a stipulated sum of money, or the amount of damages and costs which should be recovered in the suit on which it was attached.    Tilden & McNiel within sixty days thereafter were carried into insolvency by proceedings instituted by other creditors under the insolvent laws of the state.    By these proceedings the attachment became dissolved as a security for the attaching creditor, and the attached property, and the receipt therefor held by the sheriff, became, under the statute, the property of the trustee in insolvency, for the equal benefit of all the creditors of the insolvent debtors. At the instance of this trustee after a demand had been made on the receipt, a suit was commenced on it in the name of the sheriff, Fowler, and was pursued to final judgment.    The petitioner, Bishop, is a creditor of the insolvents to a larger amount than the judgment recovered against him, and he now claims that the debt due him to the amount of the judgment against him should be, in equity, set off against tha

Toll Bridge Co. *v.* Osborn.

judgment. It is very clear that this ought not to be done. The receipt represents the property of the insolvents, which, presumptively, is in the hands of the receiptors. If that property had been delivered up when demanded it would have belonged to the trustee for the benefit of all the creditors of the insolvent estate; and the avails of it, when recovered of the receiptors, are but a substitute for the property itself and should belong to the same trustee. To grant the petitioner's bill, therefore, would be to deprive the other creditors of the insolvents of any benefit in the property attached, and thus in effect make Bishop a privileged creditor over the other creditors of the assigned estate. This is directly contrary to the policy of our insolvent law.

We are of opinion there is manifest error in the decree complained of.

In this opinion the other judges concurred.